MEMORANDUM *
Defendant Organic Food Bar, Inc. appeals the district court’s order granting summary judgment in favor of Plaintiff Premier Nutrition, Inc. The district court concluded that the term “Organic Food Bar” is generic and therefore not protected under trademark law. We affirm.
“[T]he ultimate test of whether a trademark is generic” is “how a term is understood by the consuming public.... ” Filipino Yellow Pages, Inc. v. Asian Journal Publ’ns, Inc., 198 F.3d 1143, 1148 (9th Cir.1999). In evaluating the public’s understanding, we favor the “who-are-you/ what-are-you” test: “A [protectable] mark *724 answers the buyer’s questions ‘Who are you?’ ‘Where do you come from?’ ‘Who vouches for you?’ But the generic name of the product answers the question ‘What are you?’ ” Id. at 1147 (internal quotation marks omitted).
Here, the term “Organic Food Bar” answers the question “What are you?” and therefore describes a type of product. “[I]f the primary significance of the trademark is to describe the type of product rather than the producer, the trademark is a generic term and cannot be a valid trademark.” Id. (internal quotation marks omitted). Premier’s direct and circumstantial evidence—including dictionary definitions, media usage of the term, competitors’ usage, OFB’s usage of similar terms, and a consumer survey—reinforces this conclusion.
As the party seeking to enforce trademark rights, OFB bore the burden of proving that the term “Organic Food Bar” is not generic. Id. at 1146. Yet, its direct and circumstantial evidence, including its own survey, fails to establish a genuine dispute about any material facts. While OFB’s survey shows that consumers use multiple generic names for its type of product, it does not establish a genuine dispute about any material fact relevant to whether “Organic Food Bar” is a generic term.
No genuine issue of material fact exists. The district court correctly ruled that “Organic Food Bar” is a generic term unprotected by trademark rights.
AFFIRMED.

 This disposition is not appropriate * for publication and is not precedent except as provided by 9th Cir. R. 36-3.